UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN BAKER, | ) | CASE NO. 1:23-cv-2208 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| MIDWEST FIRST STAR, INC., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is the parties' Stipulated Motion for Rule 21 Dismissal of All Claims Except Baker's Retaliatory Termination Claims ("Rule 21 Motion"). (ECF No. 22). For the following reasons, the joint motion is **GRANTED.**

I.  BACKGROUND

On February 13, 2024, Plaintiff Brian Baker filed an amended complaint against Defendants Midwest First Star, Inc., Farooq Shah, and Tammy Giacobbe. (ECF Doc. 12). Plaintiff asserted nine causes of action: (i) failure to pay minimum wage and overtime, in violation of the Fair Labor Standards Act ("FLSA") (Count One); (ii) unlawful retaliatory termination, in violation of the FLSA (Count Two); (iii) violation of the Indiana minimum wage statute (Count Three); (iv) failure to pay an earned benefit, in violation of Ohio Rev. Code § 4113.15 (Count Four); (v) unlawful retaliatory termination, in violation of Ohio Rev. Code § 4111.13 and the Ohio Constitution (Count Five); (vi) implied contract (Count Six); (vii) promissory estoppel (Count Seven); (viii) unjust enrichment/quantum meruit (Count Eight); and (ix) willful filing of false information return, in violation of the Internal Revenue Code (Count Nine). (*Id.* at PageID #75–82). Notably, the two unlawful retaliation claims (Counts Two and Five) were asserted against all the defendants. (*Id.* at PageID #76, 78).

During a case management conference on April 23, 2024, the parties indicated that they: (i) had resolved all claims in this action except for Plaintiff's retaliatory termination claims; and (ii) intended to submit a joint motion to dismiss the resolved claims.  (ECF No. 19, PageID #112).  On May 15, 2024, the parties filed the instant Rule 21 Motion, wherein they sought dismissal of all Plaintiff's claims with prejudice "– except his claims for retaliatory termination, but including all claims for costs and fees through the effective date of the settlement, even on Baker's retaliatory termination claims."  (ECF No. 22).  The parties indicated they had reached a settlement on all claims except Plaintiff's retaliatory termination claims (Counts Two and Five) and stated that granting the Rule 21 Motion would simplify, streamline, and partially resolve this action.  (*Id.* at PageID #134).

## II.     DISCUSSION

To dismiss fewer than all claims in an action, a plaintiff must move to dismiss those claims under Federal Rule of Civil Procedure 21.  *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961); *Metron Nutraceuticals, LLC v. Cook*, No. 1:20-cv-01803, 2023 U.S. Dist. LEXIS 124529, at *43 (N.D. Ohio July 18, 2023); *Bernard v. City of Cleveland*, No. 1:21-cv-1103, 2022 U.S. Dist. LEXIS 171048, at *3-4 (N.D. Ohio Sep. 21, 2022).  Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  "Although Rule 21 expressly concerns 'severing' claims, . . . Rule 21 gives the Court discretion to both sever and dismiss claims 'on just terms.'" *Dix v. Atos IT Sols. & Servs. Inc.*, No. 1:18-cv-275, 2021 U.S. Dist. LEXIS 56632, at *9 (S.D. Ohio Mar. 25, 2021) (internal citations omitted).

The parties have jointly moved to dismiss all of Plaintiff's claims with prejudice pursuant to Rule 21, with the exception of his two retaliatory termination claims (Counts Two and Five).

In light of the joint nature of the Rule 21 Motion, and in consideration of the record before it, the Court concludes that there will be no prejudice to any of the parties and **GRANTS** the Rule 21 Motion.

### III. CONCLUSION

For the foregoing reasons, the parties' Rule 21 Motion (ECF No. 22) is **GRANTED**. Counts One, Three, Four, Six, Seven, Eight and Nine are hereby **DISMISSED WITH PREJUDICE**. The Court shall retain jurisdiction to enforce the parties' partial settlement agreement. Count Two and Count Five shall remain pending.

**IT IS SO ORDERED.**

Date: May 15, 2024

*Charles Fleming*

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**